IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

OSSIE BLACKSTON, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   2:12-cv-01493

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 56] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves Maryland co-plaintiffs, one of whom was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. Am. Short Form Compl. [ECF No. 17] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 2 case."

## II.   Legal Standards

### A.  Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Maryland law applies to the plaintiffs' claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiffs first filed their claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiffs originally filed this action in the Western District of Missouri. Thus, the choice-of-law principles of Missouri guide this court's choice-of-law analysis.

Missouri law employs "the most significant relationship test" to determine which state's substantive law to apply in a tort action. *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969) (en banc). Under this test, the court must evaluate the contacts of each interested state and determine which state "has the most significant contacts" with the lawsuit. *Id.* In doing so, the court balances four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the case occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Wright v. Miller*, 736 F. Supp. 1024, 25-26 (W.D. Mo. 1990). Here, the plaintiffs are residents of Maryland, Ms. Blackston was implanted with the product at issue in Maryland, and her alleged injuries and follow-up care occurred in Maryland. Accordingly, I will apply Maryland's substantive law to this case.

### III.   Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

#### A. Conceded Claims

The plaintiffs concede the following claims: Count II (manufacturing defect), Count VI (common law fraud), Count X (negligent infliction of emotional distress), and Count XIII (violation of consumer protection laws). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. Strict Liability – Defective Product

In Maryland, "[a] product defect can arise from [1] the design of the product, [2] a deficiency in its manufacture, or [3] from the absence or inadequacy of instructions or warnings as to its safe and appropriate use." *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 407 (D. Md. 2001).

Ethicon interprets plaintiffs' claim for Count IV (strict liability—defective product) to allege something beyond a strict liability claim for either (1) design defect, (2) manufacturing defect, or (3) failure to warn, and Ethicon moves for summary judgment on the ground that those are the only three strict liability claims under Maryland law. Plaintiffs' Response does not clarify the plaintiffs' theory of recovery under Count IV. To the extent that the plaintiffs attempt to allege a strict liability claim beyond one of the three named above, Ethicon's motion is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

### IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 56] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (manufacturing defect), Count IV (strict liability – defective product), Count VI

(common law fraud), Count X (negligent infliction of emotional distress), and Count XIII (violation of consumer protection laws). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 14, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE