IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

OSSIE BLACKSTON, et al.,

    Plaintiffs,

v.              CIVIL ACTION NO. 2:12-cv-01493

ETHICON, INC., et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER
*(Plaintiffs' Motion for Partial Summary Judgment)*

    Pending before the court is the plaintiffs' Motion for Partial Summary Judgment [ECF No. 54] wherein the plaintiffs move for partial summary judgment on various affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, the plaintiffs' Motion is **GRANTED in part** and **DENIED in part.**

I.  Background

    This action involves Maryland co-plaintiffs, one of whom was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. Am. Short Form Compl. [ECF No. 17] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more

than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Nov. 20, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 2 case."

II.  Legal Standards

   A.  Summary Judgment

A court may use partial summary judgment to dispose of affirmative defenses. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the

truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Maryland law applies to the plaintiffs' claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiffs first filed their claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576

(5th Cir. 1996). The plaintiffs originally filed this action in the Western District of Missouri. Thus, the choice-of-law principles of Missouri guide this court's choice-of-law analysis.

Missouri law employs "the most significant relationship test" to determine which state's substantive law to apply in a tort action. *Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo. 1969) (en banc). Under this test, the court must evaluate the contacts of each interested state and determine which state "has the most significant contacts" with the lawsuit. *Id.* In doing so, the court balances four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the case occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Wright v. Miller*, 736 F. Supp. 1024, 25-26 (W.D. Mo. 1990). Here, the plaintiffs are residents of Maryland, Ms. Blackston was implanted with the product at issue in Maryland, and her alleged injuries and follow-up care occurred in Maryland. Accordingly, I will apply Maryland's substantive law to this case.

III. Analysis

The plaintiffs argue they are entitled to summary judgment on the defendants' affirmative defenses related to contributory negligence, comparative fault, and/or comparative negligence of Ms. Blackston's physicians contained in ¶¶ 42, 45, 51, 66, and 77 of the defendants' Master Answer and Jury Demand to First Amended Master Complaint ("Master Answer"). Mem. Supp. Mot. Partial Summ. J., at 3–4, [ECF

No. 55]. The plaintiffs argue that their Motion should be granted because the defenses are without legal or evidentiary support. *Id.*

Ethicon agrees that this court should dismiss the affirmative defenses listed in the Master Answer to the extent they are based on the purported negligence of the plaintiffs' treating physicians, and Ethicon withdrew the defenses contained in ¶ 42 and ¶ 51. Resp. Mem. Opp. Mot. Summ. J. 2 [ECF No. 61]. Accordingly, the plaintiffs' Motion with regard to these defenses is **GRANTED**.

The court **FINDS** that genuine disputes of material fact exist regarding the remaining defenses challenged by the plaintiffs. Accordingly, the plaintiffs' Motion as to the remaining defenses is **DENIED**.

IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the plaintiffs' Motion for Partial Summary Judgment [ECF No. 54] is **GRANTED** to the extent that the affirmative defenses are based on the contributory negligence, comparative fault, and/or comparative negligence of Ms. Blackston's physicians. The court further **ORDERS** that the plaintiffs' Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 30, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE